JUDGE HARDIN
delivered the opinion oh the court.
After a verdict and judgment against the appellee upon an indictment for “selling liquor to a minor,” a motion of the defendant in arrest of the judgment was sustained, and the indictment dismissed; and the comm on - wealth has appealed to this court from the final judgment.
The facts stated in the indictment as constituting the offense were that “the said John Hadcraft, on the - day of July, 1868, in the county and state aforesaid, and before the finding of this indictment, did then and there unlawfully sell spirituous and vinous liquors — to-wit, whisky, brandy, gin, rum, wine, etc. — to Alexander Lyons, without then and there having the written consent and request of the father, mother, and guardian of the said Alexander Lyons, or of either of them, so to do; he, the said Alexander Lyons, then and there being a white person under the age of twenty-one years,” etc.
The offense thus intended to be alleged is that which is described in the first section of “an act to regulate the sale of spirituous liquors,” approved March 2, 1860 (Myers’s Supplement, 517), which declares “that hereafter no person shall sell to any white person under the age of twenty-one years any spirituous or vinous liquors, or the mixture of either, unless by the written consent or request of the father of such minor if living, or of the mother or *93 guardian of such minor if the father be dead; and any person so offending shall be subject to a penalty of fifty dollars for each and every offense, recoverable in any court having jurisdiction of the amount, by warrant or indictment.”
The only question arising on a motion in arrest of judgment in a criminal or penal case, is whether the facts stated in the indictment constitute a public offense within the jurisdiction of the court.' (Criminal Code, sec. 271.) It is therefore essential to determine whether the facts alleged are such as are required by said act to constitute the offense. The act defines the offense to be a sale of liquor to a minor “without the written consent or request” of the father, mother, or guardian of the minor; but the indictment in this case is so framed as to make the offense complete by so selling, if done without “the written consent and request” of the father, mother, or guardian; so that, according to the indictment, to have exonerated the defendant on that ground, he should not only have had the written consent but also the written request of the parent or guardian. It is obvious therefore that the facts stated in the indictment did not constitute the offense defined by the statute, and the motion in arrest of the judgment was properly sustained.
Wherefore the judgment is affirmed.